FILED
2014 Jul-11 PM 04:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **TERRY BYARS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. _____ |
| | ) |
| **UAB HOSPITAL MANAGEMENT,** | ) |
| **LLC, and DR. THOMAS VETTER, in** | ) **JURY TRIAL REQUESTED** |
| **his official and individual capacity,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

## PRELIMINARY STATEMENT

1.     Plaintiff, a current employee of UAB Hospital Management, LLC ("UAB") seeks declaratory and injunctive relief, compensatory damages, back pay, and front pay from Defendants arising from Defendants' violation of rights guaranteed to plaintiff under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.,* amended by the Civil Rights Act of 1991.

## JURISDICTION AND VENUE

2.     Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.,* as amended by the Civil Rights Act of 1991.

3. Subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331 and 1343, and 42 U.S.C. 2000e, *et. seq*.

4. This action is brought within the State where the unlawful employment practices were committed, making venue proper under 42 U.S.C. 2000e-5(f)(3).

5. Plaintiffs' claims are authorized by 28 U.S.C. § § 2201 and 2202 (declaratory judgments), and Fed. R. Civ. P. Rule 57.

6. Plaintiff has satisfied all administrative prerequisites to bringing this claim.

7. Plaintiff timely filed his Charge of Discrimination (420-2013-02353) on July 16, 2013 against Defendant with the Equal Employment Opportunity Commission. See Exhibit "A".

8. On April 11, 2014, the U.S. Department of Justice, Civil Rights Division issued to Plaintiff a Notice of Right to Sue regarding her EEOC Charges. Plaintiff received said Notice on April 15, 2014. See Exhibit "B".

9. This complaint has been filed within 90 days of Plaintiffs' receipt of the notification of Right to Sue letter from the U.S. Department of Justice, Civil Rights Division.

## PARTIES

10. Plaintiff Terry Byars is a white, female citizen of the United States and of the State of Alabama. She is a resident of this Judicial District and Division.

11.     Defendant UAB Hospital Management, LLC ("UAB") is an employer within the meaning of Title VII of the 1964 Civil Rights Act and the 1991 amendments thereto.

12.     Defendant UAB is doing business within this District and Division.

13.     Plaintiff is an employee of Defendant UAB within the meaning of Title VII of the 1964 Civil Rights Act and the 1991 amendments thereto.

14.     Defendant Dr. Thomas Vetter ("Vetter") is a supervisor in the UAB Department of Anesthesiology.

## FACTS

15.     Plaintiff holds a B.S. in Nursing and a Master's Degree in Public Health.

16.     Plaintiff transferred to the UAB Department of Anesthesiology in August 2011.

17.     During her tenure at UAB, Plaintiff routinely received excellent performance evaluations and has never been disciplined regarding her performance.

18.     Plaintiff was hired to assist all of the Department's MDA's in their research endeavors.

19. Plaintiff assisted Vetter with his numerous research studies and assisted Dr. Tony Jones ("Jones") with one research study. Jones is Vetter's supervisor.

20. In November/December 2012, Plaintiff complained to Jones several times regarding Vetter's hostile workplace demeanor towards all staff and her increasing workload.

21. On December 5, 2012, Plaintiff requested holiday (Christmas) time off which was denied by Vetter.

22. Also on December 5, 2012, Plaintiff complained to Jones about the holiday time request being denied by Vetter.

23. Jones stated to Plaintiff he would speak to Vetter about the denied holiday time.

24. Later on December 5, 2012, Vetter went to Plaintiff's office and told her the holiday time off had been approved.

25. After returning to work following the holiday time off, Vetter assigned clerical tasks to the Plaintiff that interfered with her work on the various research studies.

26. Vetter became critical of the Plaintiff's ability to perform the new clerical tasks.

27. In March 2013, Vetter did a negative, erroneous written performance evaluation of the Plaintiff which she declined to sign.

28. In May 2013, Plaintiff was granted a vacation request. The vacation was extended into June 2013 due to Plaintiff's son being in an accident and having to spend time in intensive care.

29. While Plaintiff was out on leave, Vetter had the Department's secretary "rifle" through the files in Plaintiff's office.

30. On June 5, 2013, Plaintiff returned to work and was informed by Debbie Owen, Personnel Generalist ("Owen") that "some issues had come up" while Plaintiff was away on vacation leave. Owen told Plaintiff that Vetter wanted Plaintiff terminated. Plaintiff subsequently was offered a position with the Cancer Center at UAB and was told by Owen she could transfer and in lieu of a two week notice she could take two weeks' vacation. Plaintiff left the office. Owen called Plaintiff asking Plaintiff to work on Jones' study for the next two weeks on Tuesday, Wednesday and Thursday and to report just to Jones. Plaintiff agreed.

31. On June 11, 2013, Plaintiff called Owen to confirm reporting to Jones the next day. Owen informed Plaintiff she was being terminated for HIPAA violations. Plaintiff denied committing any HIPAA violations.

32. On or about June 12, 2013, Plaintiff was terminated by letter from Owen.

33. Other black, similarly situated employees were not terminated for HIPAA violations.

34. On or about June 17, 2013, Plaintiff received a letter rescinding her transfer to the UAB Cancer Center due to her termination.

35. On or about June 26, 2013, Plaintiff was notified by letter from N. Genell Lee ("Lee"), Executive Officer for the Alabama Board of Nursing, that she was under investigation due to a complaint against her license.

## **COUNT ONE**

TITLE VII-42 U.S.C. 2000E
(Discrimination Race-All Defendants)

36. The Plaintiff realleges and incorporates by reference paragraphs 1 – 35 above as though recopied and restated herein in full.

37. Defendants violated the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of employment because of their race.

38. Title VII of the Civil Rights Act of 1964 prohibits employment discrimination on the basis of race. 42 U.S.C. §2000e-2(a).

39. Specifically, Plaintiff claims that UAB and Vetter terminated her because of her race.

## COUNT TWO

### TITLE VII-42 U.S.C. 2000E
(Discrimination Race – All Defendants)

40. The Plaintiff realleges and incorporates by reference paragraphs 1 – 39 above as though recopied and restated herein in full.

41. Defendants violated the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of employment because of their race.  42 U.S.C. §2000e-2(a).

42. Specifically, Plaintiff claims that UAB and Vetter rescinded her transfer because of her race.

## COUNT THREE

### TITLE VII 42 U.S.C. 2000E
(Retaliation-All Defendants)

43. The Plaintiff realleges and incorporates by reference paragraphs 1 – 42 above as though recopied and restated herein in full.

44. The Plaintiff claims that UAB and Vetter violated Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of employment because of their race. These statutes prohibit the creation of a hostile work environment caused by harassment because of an employee's race or asserting other rights guaranteed under Title VII.

45. Specifically, Plaintiff was retaliated against by being terminated, denied a transfer, and being subjected to a hostile work environment for complaining to Jones regarding Vetter's hostile workplace demeanor towards Plaintiff and staff and for denying vacation time to Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief after a trial by jury:

A. Grant Plaintiff a declaratory judgment that the practices complained of herein are violative of the provisions of Title VII of the Civil Rights Act of 1964 and the amendments thereto;

B. Grant Plaintiff an order enjoining Defendants and all persons acting in concert with Defendants from engaging in discriminatory and retaliatory employment practices;

C. Grant Plaintiff the appropriate amounts of backpay, interest, benefits, damages, pay raises with back pay, and reinstatement to the job position from which she was discriminatorily denied and/or demoted, or in the alternative, front pay;

D. Grant Plaintiff an award of compensatory damages, including but not limited to an award for mental anguish and emotional distress;

E. Award Plaintiff her costs and expenses, including an award of reasonable attorney's fees; and,

F.     Award such other relief as may be appropriate.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL CLAIMS TRIABLE.**

        Respectfully Submitted,

        /s/ Scott Morro
        Scott Morro (ASB-4954-C30M)
        Attorney for Plaintiff
        Morro Law Center, LLC
        P.O. Box 1644
        Gardendale, AL 35071
        Telephone: (205)631-6301
        Fax: (205) 631-6302
        morrowlawcenter@bellsouth.net

**Defendants to be served via Certified Mail**