IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TERRY BYARS, } | |
| } | |
| Plaintiff, } | |
| } | CIVIL ACTION NO. |
| v. } | 2:14-CV-01338-WMA |
| } | |
| UAB HOSPITAL MANAGEMENT, LLC, } | |
| et al., } | |
| } | |
| Defendants. } | |

**MEMORANDUM OPINION**

Defendants UAB Hospital Management, LLC ("UAB Hospital") and Dr. Thomas Vetter ("Dr. Vetter") have jointly filed a motion to dismiss plaintiff's original complaint, invoking Federal Rule of Civil Procedure 12(b)(6). Plaintiff, Terry Byars, instituted this action alleging race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). After full briefing, defendants' motion is now under submission.

For the reasons stated below, the court will grant defendants' motion as addressed to Count III and as to all counts against Dr. Vetter in his individual capacity, but will deny defendants' motion as to Count I and II against UAB Hospital and Dr. Vetter in his official capacity.

"[T]he proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer

directly." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991). Plaintiff names as defendant employers UAB Hospital and Dr. Vetter both in his official and his individual capacities. While plaintiff's naming both UAB Hospital and Dr. Vetter under alternative theories of who is her "employer" is unremarkable, plaintiff's naming of Dr. Vetter in his individual capacity exceeds the scope the Eleventh Circuit has allowed for Title VII liability against a supervisor. The Eleventh Circuit, while allowing official capacity suits against supervisors, has followed the principle[1] that "[i]ndividual capacity suits under Title VII are . . . inappropriate." *Busby*, 931 F.2d at 772. Therefore, the claims against Dr. Vetter in his individual capacity must be dismissed for failing to state a claim upon which relief can be granted.

"As a prerequisite to bringing suit under Title VII, a charge must be filed with the EEOC within 180 days of the date of the act giving rise to the charge." *Calloway v. Partners Nat. Health Plans*, 986 F.2d 446, 448 (11th Cir. 1993). Plaintiff filed a charge with the EEOC on July 16, 2013, well within 180 days of her June 12, 2013 employment termination and her June 17, 2013 rescinded

---

[1] The court notes that while the Eleventh Circuit has repeatedly relied upon *Busby v. City of Orlando*, it has yet to directly address whether the 1991 amendments to the Civil Rights Act of 1964 allowing compensatory and punitive damages extended liability to "individual capacity" suits where those individuals are acting as agents of the employer. *Wilson v. Gillis Adver. Co.*, No. 92-AR-2126-S, 1993 WL 503117, at *1-2 (N.D. Ala. Jan. 8, 1993) citing *Bridges v. Eastman Kodak Co.*, 800 F.Supp. 1172 (S.D.N.Y. 1992).

transfer to the UAB Cancer Center, both of which would be adverse employment decisions. While plaintiff's July 16, 2013 EEOC charge alleged racial discrimination, nowhere in the charge did plaintiff directly or indirectly raise the issue of retaliation that she now alleges in Count III. Therefore, having not exhausted her available administrative remedies in regard to her retaliation claim in Count III of her complaint, that claim must be dismissed for failing to state a claim upon which relief can be granted.

Even if plaintiff had successfully exhausted her administrative remedies as to the retaliation claim, Count III fails to state a viable retaliation claim for another reason. To survive a Rule 12(b)(6) motion, plaintiff's complaint must "contain sufficient factual matter, accepted as true, to state a claim for relief that is **plausible** on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(emphasis added). "Although a Title VII complaint need not allege facts sufficient to make out a classic *McDonnell Douglas* prima facie case . . . it must provide enough factual matter (taken as true) to suggest intentional race discrimination." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008)(quotes omitted). Therefore, while not synonymous with plausibility, assessing the factual support for each element of a *prima facie* case is a guide for determining plausibility. To present a *prima facie* case of retaliation under Title VII, plaintiff must show that "(1) she participated in a statutorily

protected activity; (2) she suffered a materially adverse employment action; and (3) there is a causal connection between the two." *Evans v. Books-A-Million* 762 F.3d 1288, 1298 (11th Cir. 2014). Nowhere in plaintiff's complaint does she allege participation in a protected activity. Rather, the retaliation complained of hinges on complaining to her supervisor about a "hostile work environment," which was comprised of simply her supervisor's denying her request for holiday time around Christmas. While such a denial may have been inconvenient and disappointing, it cannot plausibly constitute an actionable hostile work environment nor qualify as a protected activity entitled to Title VII protection. Therefore, even if the retaliation alleged in Count III were implicitly contained in plaintiff's July 16, 2013 EEOC charge, plaintiff fails to state a plausible claim for retaliation upon which relief can be granted.

While Count III must be dismissed pursuant to Rule 12(b)(6), Counts I and II plead plausible claims of racial discrimination in violation of Title VII. A *prima facie* case of racial discrimination requires plaintiff show (1) she belongs to a protected class, (2) she was qualified to do the job, (3) she was subjected to adverse employment action, and (4) her employer treated similarly situated employees outside her class more favorably. *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008). For the purposes of a motion to dismiss for failure to

state a claim, the court accepts plaintiff's well-pled facts as true and draws all reasonable inferences in her favor. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007).

The parties do not dispute that plaintiff's complaint sufficiently pleads the first three elements required for a *prima facie* case of discrimination: plaintiff is white, was reasonably qualified in education and skill to do her job, and was terminated from her position on or about June 12, 2013 receiving a letter on or about June 26, 2013 rescinding her transfer to the UAB Cancer Center as a result of that termination.

Beyond these undisputed elements, plaintiff's complaint sufficiently pleads the final element required for a *prima facie* case for racial discrimination. In both Counts I and II, plaintiff alleges that black, similarly situated employees were not terminated for HIPAA violations. Plaintiff's complaint specifically alleges in Exhibit A that Fran McCurdy, a supervisor, told plaintiff that a black female under her supervision was reprimanded for a HIPAA violation and was not terminated. Fed. R. Civ. Proc. 10(c). While the "court is not bound to accept as true a legal conclusion couched as a factual allegation," plaintiff's complaint pleads a sufficient factual basis for disparate treatment "enough to raise a right to relief [for racial discrimination] above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Therefore,

plaintiff's complaint sufficiently nudges Count I and II "across the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## CONCLUSION

For the reasons detailed above, the court will by separate order grant defendants' motion as to Count III and as to all counts against Dr. Vetter in his individual capacity, but will deny defendants' motion as to Count I and II against UAB Hospital and Dr. Vetter in his official capacity.

DONE this 3rd day of October, 2014.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE